1  TRACY L. WILKISON
United States Attorney
2  DAVID M. HARRIS
Assistant United States Attorney
3  Chief, Civil Division
JOANNE S. OSINOFF
4  Assistant United States Attorney
Chief, General Civil Section
5  DANIEL A. BECK (Cal. Bar No. 204496)
Assistant United States Attorney
6        Federal Building, Suite 7516
      300 North Los Angeles Street
7        Los Angeles, California 90012
      Telephone: (213) 894-2574
8        Facsimile: (213) 894-7819
      E-mail: daniel.beck@usdoj.gov
9
Attorneys for Respondent David Shinn
10

11             UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14

15  ISRAEL GARCIA-MEJIA,              No. 2:21-cv-03227-GW-MAR

16          Petitioner,               Assigned to Hon. Margo A. Rocconi
                                      United States Magistrate Judge
17             v.
                                      **RESPONDENT'S NOTICE OF MOTION**
18  DAVID SHINN (Warden L.A. MDC),    **AND MOTION TO DISMISS**
                                      **PURSUANT TO FED. R. CIV. P. 12(b)(1)**
19          Respondent.               **AND 12(b)(6)**

20
                                      **MEMORANDUM OF POINTS AND**
21                                    **AUTHORITIES**

22
                                      [*Declaration of Steven Lam Filed*
23                                    *Concurrently Herewith*]

24

25

26

27

28

1
2

## NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(B)(1) AND 12(B)(6)

3    PLEASE TAKE NOTICE that Respondent David Shinn, the Warden of the Los

4   Angeles Metropolitan Detention Center (MDC), will, and hereby does, move this Court

5   for an order dismissing Petitioner's Habeas Petition [Dkt. no. 1] because Petitioner has

6   failed to exhaust his available administrative remedies with respect to his disciplinary

7   proceeding. Pursuant to the directives of the Court's Order Requiring Response to

8   Petition [Dkt. no. 7], no hearing will be set, no reply brief will be filed, and this motion

9   will be decided from the briefs.

10    This motion is made upon this notice, the attached memorandum of points and

11   authorities and its exhibits, the concurrently-filed declaration of Steven Lam and its

12   exhibits, and all pleadings, records, and other documents on file with the Court in this

13   action.

14    This motion is made following the conference of counsel pursuant to L.R. 7-3,

15   which began on November 12, 2021 and continued to November 24, 2021.

16

17   Dated: November 30, 2021          TRACY L. WILKISON
                                        United States Attorney
18                                      DAVID M. HARRIS
                                        Assistant United States Attorney
19                                      Chief, Civil Division
                                        JOANNE S. OSINOFF
20                                      Assistant United States Attorney
                                        Chief, General Civil Division
21

22                                       /s/ *Daniel A. Beck*
                                        DANIEL A. BECK
23                                      Assistant United States Attorney

24                                      Attorneys for Respondent David Shinn

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

Pursuant to the Court's Order [Dkt. no 7], Respondent David Shinn moves to

3 dismiss the Petition for Writ of Habeas Corpus [Dkt. no. 1] (the "Petition") that

4 Petitioner Israel Garcia-Mejia filed on April 14, 2021. The Petition should be dismissed

5 because Petitioner has failed to exhaust his available administrative remedies with

6 respect to his disciplinary proceeding.

7 ## I.   INTRODUCTION

8

Petitioner Israel Garcia-Mejia, ("Garcia-Mejia" or "Petitioner"), Federal Register

9 Number 67558-112, challenges an incident report that he received while incarcerated as

10 an inmate at the Federal Bureau of Prisons ("BOP") Metropolitan Detention Center in

11 Los Angeles, California ("MDC Los Angeles").  The Discipline Hearing Officer

12 ("DHO") found him guilty of violating BOP Disciplinary Code 102, Escape.  The

13 Petition essentially alleges that the Discipline Hearing Officer ("DHO") did not consider

14 whether Petitioner had an intent to escape when he failed to return to the residential re-

15 entry center ("RRC") (Ground One of Petition); that the DHO deprived Petitioner of due

16 process at the disciplinary hearing (Ground Two); and that there was insufficient

17 evidence to find that Petitioner had committed escape (Ground Three). *See* Dkt. no. 1 at

18 pp. 3-4.  Petitioner seeks removal of the sanctions of disallowance of good conduct time

19 ("GCT") credit and removal from the re-entry program.  He also seeks a remand for

20 further disciplinary proceedings at which [Petitioner] can make a full showing that

21 adequately addresses the allegations against him". *See* Dkt. no. 1-2 at p. 10.

22

The Petition should be dismissed because Petitioner did not exhaust his available

23 administrative remedies with respect to his disciplinary proceeding.  The BOP has no

24 record of Petitioner filing an administrative remedy form.  While his legal counsel

25 appears to have emailed correspondence regarding the discipline, that email was not an

26 appeal made to the Regional Director, and legal counsel may not submit an

27 administrative appeal on the inmate's behalf.  Instead, the inmate must submit the

28 required administrative appeal.  Here Petitioner did not do so.

## II.    BACKGROUND

### A.    Petitioner's Incarceration, Escape, And Discipline

Petitioner is currently incarcerated at the Metropolitan Detention Center in Los Angeles, California ("MDCLA").  *See* Declaration of Steven Lam ("Lam Decl."), ¶4. Petitioner is currently serving a 72-month sentence based on his 2016 conviction in the U.S. District Court for the Central District of California in violation of 21 U.S.C. §§ 841(A)(1) and 846, Conspiracy to possess with intent to distribute and to distribute methamphetamine; aiding and abetting.  *Id.*  The BOP projects Petitioner's release date to be November 27, 2022, via GCT.  *Id.*

On December 25, 2020, while he was housed at a Residential Reentry Center ("RRC"), Petitioner was issued Incident Report 3463671, charging him with violating Prohibited Act Code 102, Escape.  *See* Lam Decl., ¶ 6-7.  According to the Riverside Sheriff department, Petitioner was arrested at 3:30 a.m. on December 25, 2020 at his home for domestic violence, and he was booked at 5:02 a.m. at the Southwest Detention Center.  The detention center released Petitioner on bail later that day, and at 2:30 p.m. that same day, the RRC contacted Petitioner by cell phone to inform him that he needed to immediately report to the RRC facility no later than 5:00 p.m.  At 5:08 p.m., RRC staff reported that Petitioner's cell phone was no longer ringing.  At 5:15 p.m., the RRC placed Petitioner on "Escape" status.  Five days later, on December 30, 2020, the U.S. Marshals Service took Petitioner into custody.  *See* Lam Decl., ¶ 7.

On January 28, 2021, DHO R. Ali conducted a disciplinary hearing on this charge. *Id.*  The DHO found that Petitioner committed prohibited act code 102, and on that basis sanctioned him with disallowance of 41 days of Good Conduct Time and removal from the residential reentry program for one year.  *Id.*  A written copy of the DHO's disciplinary hearing report was delivered to Petitioner on February 4, 2021.  *Id.* at ¶ 6.

### B.    Petitioner's Administrative Record

#### 1.    The Administrative Remedy Process

The BOP has established an administrative remedy procedure through which an inmate can "seek formal review of an issue relating to any aspect of his/her own

confinement." *See* 28 C.F.R. §§ 542.10-542.19; Lam Decl., ¶¶11-16.  Inmates who wish to challenge a disciplinary finding and sanctions issued by a DHO must first submit an appeal to the Regional Director using a BP-10 form within 20 days of the DHO's written report.  *Id.* § 542.14(d)(2).  Each separate incident report number must be appealed on a separate form.  *Id.* § 542.14(c)(2).  If the inmate is not satisfied with the Regional Director's response, the inmate may appeal to the BOP's Office of General Counsel on a BP-11 form within 30 days after the Regional Director's response.  *Id.* § 542.15(a).

Once filed, response shall be made by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days.  If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. *See* 28 CFR § 542.18.  A final decision from the Office of General Counsel completes the BOP's Administrative Remedy Process.  *Id.* § 542.15(a).  Thus, the administrative process is not complete until (1) the Office of the General Counsel replies on the merits to the inmate's appeal, or (2) the response is not provided within the time allotted for reply.  *See id.* § 542.18.

A "denial" is different from a "rejection."  A rejection is issued on procedural grounds, such as failure to file an administrative remedy at the appropriate level, failure to meet a filing deadline, or failure to submit required documents.  *See id.* § 542.17(a).  When an appeal is rejected, BOP staff returns the original request to the inmate with a written explanation of the reason for the rejection and notice of the time within which the inmate can correct the identified defects and resubmit the appeal.  28 C.F.R. § 542.17(b).  A "denial" of a request or appeal, on the other hand, is a decision on the merits.  28 § C.F.R. § 542.18.

An inmate may obtain assistance from another inmate or from institution staff in preparing a Request or an Appeal.  An inmate may also obtain assistance from outside sources, such as attorneys.  However, no person may submit a Request or Appeal on the inmate's behalf.  28 C.F.R. § 542.16(a).  Thus, a letter from an inmate's attorney will not

3

be accepted as an administrative remedy request or appeal.

2.  Petitioner's Lack of Administrative Filings

Petitioner was advised regarding the prison's administrative remedy process when he participated in the institutional mandatory A&O Program at the Federal Correctional Institution in La Tuna, Texas ("FCI La Tuna") on or around February 8, 2018. During the Institution A&O Program, he attended a class lecture specifically on the "Administrative Remedy Program," where he was informed of his rights and responsibilities with regard to administrative remedies. *See* Lam Decl. ¶ 9. Also, when he arrived at MDCLA on December 30, 2020, Petitioner received a Bureau of Prisons "Admissions and Orientation Booklet" defining his "Rights and Responsibilities" and the "Prohibited Acts and Disciplinary Severity Scale." *Id.* ¶ 10.

Further, throughout the time Petitioner was housed at MDCLA, all of the BOP's Program Statements, including the specific Program Statement on the Administrative Remedy Program, Program Statement 1330.18 have been available to Petitioner in the institution's law library. The Program Statement on the Administrative Remedy Program identifies the specific forms that must be completed and the deadlines to submit each form. *Id.* ¶ 11. In addition, Program Statement 5290.14 states: "(2) DHO Appeals. DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." *Id.* ¶ 11(d)(2); Lam Decl. ¶ 15.

Petitioner, however, has not exhausted the administrative remedy process regarding the DHO determination for Incident Report 3463671. As Petitioner has been incarcerated at MDCLA since December 30, 2020, he should have submitted his DHO appeal initially to the Regional Director at the Western Regional Office. Lam Decl. ¶ 5; 15. The Western Regional Office, which processes all BP-10 forms from inmates located at MDCLA, has not received a BP-10 form from Petitioner. Further, Petitioner has submitted no administrative remedy requests or appeals during his incarceration with the Bureau. *See* Lam Decl. ¶ 17.

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     3. <u>Correspondence Forwarded by Petitioner's Counsel</u>

   In connection with the process of meeting and conferring, Petitioner's counsel has forwarded what appear to be three pieces of correspondence sent to various BOP staff. The first correspondence appears to be an email that Petitioner sent to "DHO" or to "Mr. Weeland", entitled "Request to Staff" and dated February 14, 2021. It states:

> "Hello Mr. Weeland I'm reaching out to you because i want to appeal my incident repot [*sic*]. I placed a form in the mail but did not address it to you. Please let me know if i need to re-submit the form again. Or of any other steps i need to take to complete the process."

In addition to the BOP having no record of such an appeal being submitted, the BOP staff directory shows no current BOP staff at MDCLA or at other BOP facilities with the surname "Weeland".  In February 2021, the DHO for MDCLA was Mr. R. Ali.  Lam Decl. ¶ 18.

   The other two pieces of correspondence appear to be letters sent by Petitioner's counsel on February 17 and March 9, 2021, one addressed to the MDCLA Reentry Affairs email box and one to the general physical address of the Federal Bureau of Prisons office in Washington, DC.  Neither letter was an appeal submitted by the inmate, and neither was sent to the Regional Director.

## III. THIS PETITION SHOULD BE DISMISSED BECAUSE PETITIONER HAS FAILED TO EXHAUST THE ADMINISTRATIVE REMEDY PROCESS

   "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).  Although the exhaustion requirement in the context of a habeas petition is prudential and committed to the discretion of the court, its importance is well established.  *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, *Reno v. Koray*, 515 U.S. 50 (1995); *see also Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001) ("[S]ection [2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.

However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") (footnote omitted), abrogated on other grounds, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).  The failure to exhaust administrative remedies is an appropriate basis for dismissal of a habeas petition.  *Martinez v. Roberts*, 804 F.2d at 571.

The exhaustion requirement aids judicial review by allowing the administrative agency to develop a factual record, apply its expertise, and correct its own errors, thereby conserving court resources and avoiding unnecessary judicial intervention.  *See Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).  Requiring exhaustion also benefits courts by, among other things, "reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record."  *See Jones v. Bock*, 549 U.S. 199, 219, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citations omitted).

Although "[t]his exhaustion requirement is subject to waiver in § 2241 cases because it is not a 'jurisdictional prerequisite,'" *Ward*, 678 F.3d at 1045, "it is not lightly to be disregarded." *Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted).

Here, Petitioner has failed to properly and timely exhaust the administrative remedy process.  *See* Lam Decl. ¶ 17.  Even if Petitioner had sent the February 14, 2021 email that his attorney alleges was sent, this email to a counselor would not qualify as an inmate appeal.  Pursuant to Program Statement 5290.14, within 20 days of the DHO's written report, an inmate must submit a DHO appeal initially to the Regional Director for the region where the inmate is currently located.  Thus, Petitioner could have challenged the DHO's decision by first submitting an appeal to the Regional Director using a BP-10 form within 20 days of the DHO's written report being delivered to Petitioner on February 4, 2021.  If Petitioner had not received a response from the Regional Director

6

within the 30 days allotted for reply, Petitioner could have considered the absence of a response to be a denial at that level.  Petitioner could then have appealed to the BOP's Office of General Counsel on a BP-11 form.  Then, if Petitioner had not received a response from the BOP's Office of General Counsel within the 40 days allotted for reply, Petitioner could have considered the absence of a response to be a denial at that level. Only at that point would Petitioner have completed the BOP's Administrative Remedy Process for his inmate appeal.  *See* Lam Decl. ¶ ¶ 13-15.

Further, even if Petitioner's attorney had sent the email and letter he claimed to have sent on February 17 and March 9, 2021, these pieces of correspondence do not qualify as appeals. An inmate may obtain assistance from outside sources such as attorneys, in preparing a Request or an Appeal.  However, no person may submit a Request or Appeal on the inmate's behalf.  Lam Decl. ¶ 16.  Thus, an email or letter from an inmate's attorney will not be accepted as an administrative remedy request or appeal.

As a result, the Office of General Counsel has not reviewed Petitioner's allegation that his right to due process was violated for lack of evidence that the violation occurred. Rather than submit a proper administrative appeal within the time allotted, Petitioner chose to ignore those requirements.  The BOP should have been provided the opportunity to fully investigate and consider Petitioner's arguments prior to proceeding in court.  Indeed, the Petition does not make clear why Petitioner believes he could possibly be entitled to relief from the disciplinary finding, given that he failed to report back to his Residential Reentry Center, before being arrested by the U.S. Marshal's Service five days later.  Yet Petitioner appears to maintain that he should not have been removed from the Residential Reentry Center program that he had failed to return to. Petitioner's position as to how this makes any sense was not defined, and a record was not developed, within the required administrative remedy process. To conserve judicial resources, avoid unnecessary judicial intervention, and discourage circumvention of the administrative remedy process, this Petition should be dismissed.

/ / /

7

## IV.   CONCLUSION

The Petition should be dismissed.

Dated: November 30, 2021

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Division

 /s/ *Daniel A. Beck*
DANIEL A. BECK
Assistant United States Attorney

Attorneys for Respondent David Shinn