UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-3227-GW (MAR)                                          Date:  February 8, 2022

Title:   **ISRAEL GARCIA-MEJIA v. DAVID SHINN**

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE:  MOTION TO DISMISS, DKT. 11**

**I.
INTRODUCTION**

Petitioner, Israel Garcia-Mejia ("Petitioner"), a federal prisoner incarcerated at the Federal Bureau of Prisons ("BOP") Metropolitan Detention Center in Los Angeles, California ("MDC"), has filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241 ("section 2241") challenging an incident report that he received while housed at a Residential Reentry Center in Riverside.  ECF Docket No. ("Dkt.") 1 at 3–4, 8–17.[1]  Respondent filed a Motion to Dismiss ("Motion to Dismiss") contending Petitioner failed to exhaust his administrative remedies with respect to the disciplinary proceeding.  Dkt. 11 at 3.  Petitioner filed an Opposition arguing that the Court should maintain jurisdiction over the Petition until the BOP has had an opportunity to respond to Petitioner's newly-filed appeal, because Petitioner had attempted to file his appeal in a timely manner and the staff had failed to properly process his appeal.  Dkt. 13.

For the reasons below, the Court will delay consideration of the Motion to Dismiss until Petitioner's administrative appeal has concluded.

**II.
PROCEDURAL HISTORY**

**A.    DISCIPLINARY PROCEEDINGS**

Petitioner is currently incarcerated at the MDC serving a 72-month sentence based on a 2016 conviction in the U.S. District Court for the Central District of California.  Dkts. 1 at 1; 11 at 4.  On January 28, 2021, a Disciplinary Hearing Officer ("DHO") conducted a disciplinary hearing on the charge of escape, Prohibited Act Code 102, regarding Petitioner's alleged failure to report to the Residential Reentry Center where he was housed.  Dkts. 1 at 3; 11 at 4.  The DHO found that Petitioner committed Prohibited Act Code 102 and sanctioned him with disallowance of 41 days

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:21-cv-3227-GW (MAR)                                                                   Date:  February 8, 2022

Title:      ISRAEL GARCIA-MEJIA v. DAVID SHINN

good conduct time and removal from the residential reentry program for one year.  Dkt. 11 at 4.  A written copy of the hearing report was delivered to Petitioner on February 4, 2021.  Id.

On February 14, 2021, Petitioner sent an email[2] addressed to the DHO and Mr. Weeland, whom Petitioner understood[3] to be a staff member responsible for appeals.  Dkts. 11 at 7; 13 at 2.  When Petitioner got no response, his lawyer wrote to Juan Herrera, the Los Angeles Residential Reentry Manager to supplement Petitioner's filing.  Dkts. 11 at 7; 13 at 2.  Counsel had been informed that, because the discipline had been imposed on Petitioner while in a Residential Reentry Center, Mr. Herrera was the equivalent of a Regional Director—the individual responsible for an inmate's initial appeal of a DHO decision.  Dkts. 11-1 at 5; 13 at 2.  Counsel requested that this letter serve in lieu of Petitioner's appeal, but "certainly intended that it would be ancillary to the materials that Petitioner had already filed."  Dkt. 13 at 3.

Counsel received no response, and therefore, on March 9, 2021, sent a letter addressed to the BOP seeking advice as to the next steps to take in Petitioner's case.  Id.  Neither Petitioner nor counsel received responses.  Id.

### B.      FEDERAL HABEAS PETITION

On April 14, 2021, Petitioner filed the instant Petition.  Dkt. 1.  On November 30, 2021, Respondent filed the instant Motion to Dismiss, arguing Petitioner had failed to exhaust his administrative remedies.  Dkt. 11 at 3.  Petitioner filed an Opposition on December 15, 2021, requesting that the Court retain jurisdiction over the matter while Petitioner's newly filed appeal is being considered by the BOP.  Dkt. 13 at 4–5.  Respondent did not file a Reply.

## III.
## DISCUSSION

### A.      THE PROCEEDINGS SHOULD BE STAYED PENDING THE OUTCOME OF PETITIONER'S DECEMBER 3, 2021 ADMINISTRATIVE APPEAL

#### 1.      Applicable law

Although there is no statutory exhaustion requirement for section 2241 actions, federal courts have imposed a prudential exhaustion requirement.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  "[T]he requirement of exhaustion of remedies [aids] judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time

---

[2] The full version of this email does not appear to have been submitted for docketing by either party.

[3] Petitioner contends a staff member told him where to send his appeal and that Mr. Weeland was the proper contact. Dkt. 13 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-3227-GW (MAR)                                                   Date:  February 8, 2022

Title:   ISRAEL GARCIA-MEJIA v. DAVID SHINN

because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011).  The exhaustion requirement may be excused, or waived, where "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (citations and internal quotation marks omitted).

    **2.**    **Analysis**

Here, Respondent and Petitioner appear to agree that Petitioner has not completed the BOP's established administrative remedy procedure.  Dkts. 11-1 at 5 ("After receiving the General Counsel's response, the inmate has exhausted the BOP's Administrative Remedy Program"); 13 at 4–5 (Petitioner acknowledging the Regional Director and General Counsel have not yet considered Petitioner's claims).

However, Petitioner, both on his own and through counsel, has made several attempts to ask the BOP to consider his claims:

> Petitioner sent an email on February 14, [2021][4] addressed to the Discipline Hearing Officer and to a Mr. Weeland, whom Petitioner understood to be a responsible staff member . . . Although there may not have been a staff member with the exact name Weeland, it appears that petitioner's email was able to be received as it was addressed to the DHO.
> When Petitioner got no response, his lawyer attempted to assist. Counsel first wrote to Juan Herrera, the Los Angeles Residential Reentry Manager, to attempt to supplement Petitioner's filing of a form BP-229 (BP-9). Because the discipline had been imposed on Petitioner while in a residential reentry center, counsel had been informed that Mr. Herrera was the equivalent of a Regional Director… Subsequently, on March 9, 2021, counsel sent a letter addressed to the Bureau of Prisons seeking

---

[4] As noted above, the Court does not appear to have access to the full text of this email on the docket.  However, the email appears to suggest that Petitioner attempted to timely appeal his hearing within the twenty (20) days from the date he received the report of his hearing.  Dkt. 11 at 4, (hearing report delivered to Petitioner on February 4, 2021); 5 ("Inmates who wish to challenge a disciplinary finding and sanctions issued by a DHO must first submit an appeal to the Regional Director…within 20 days of the DHO's written report"); 7 (February 14 email stating "[I] want to appeal my incident repot [sic]. I placed a form in the mail but did not address it to you. Please let me know if i need to re-submit the form again. Or of any other steps i need to take to complete the process.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:21-cv-3227-GW (MAR)                                                    Date:  February 8, 2022

Title:     *ISRAEL GARCIA-MEJIA v. DAVID SHINN*

advice as to the next steps to take in Petitioner's case. Counsel never received a response to either letter.

Dkt. 13 at 2–3. Respondent notes that Petitioner was on notice of the proper procedure to exhaust administrative remedies, and argues that Petitioner's attempts to exhaust were therefore improper. Dkt. 11 at 6, 8–9.

Petitioner's counterargument is that he followed instructions from prison staff in attempting to exhaust administrative remedies, and thus "should not be held responsible for the [BOP's] failure to properly file his appeal." Dkt. 13 at 4. Nevertheless, in response to the Motion to Dismiss, Petitioner filed a second appeal relating to the incident on December 3, 2021. Id. Accordingly, Petitioner requests that the Court "retain jurisdiction"[5] over the matter until the Regional Director and General Counsel have time to respond to Petitioner's December 3, 2021 appeal. Id.

Though it appears Petitioner has failed to properly exhaust his administrative remedies according to BOP procedure, Petitioner has demonstrated diligence in attempting to appeal the disciplinary hearing. However, it is not clear from the evidence currently before the Court that the BOP is exclusively at fault for Petitioner's failure to timely follow BOP's proper procedures. See Glover v. McClintock, No. CV-12-689-TUC-CKJ, 2013 WL 4854349, at *3–6 (D. Ariz. Sept. 11, 2013), report and recommendation adopted, No. CV-12-00689-TUC-CKJ, 2014 WL 171920 (D. Ariz. Jan. 15, 2014) (finding petitioner had exhausted administrative remedies where petitioner allowed the administrative remedy program an opportunity to address his claims and would have timely filed his administrative appeals "but for" the conduct of the prison administration). Furthermore, given that Petitioner now has an appeal pending, there remains a chance that a favorable administrative ruling could render the instant Petition moot entirely. Accordingly, it is not clear that the exhaustion requirement should be excused at this time.

However, dismissing the action so that Petitioner could pursue administrative remedies here would potentially be futile and result in irreparable injury.

First, Petitioner now has a pending appeal before the Regional Director that, according to the BOP's deadlines to respond, should be resolved soon. Dkts. 11-1 at 5 ("Once a Request or Appeal is filed, response shall be made by … the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days."); 13 at 3–4, 6 (appeal filed with the Regional Director on December 3, 2021). Should the BOP deny Petitioner's appeal, Petitioner would likely refile in a matter of weeks, therefore wasting the resources of all parties involved, as well as the Court.

---

[5] The Court construes Petitioner's request for the Court to "retain jurisdiction" as a request for a stay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:21-cv-3227-GW (MAR)  Date:  February 8, 2022

Title:  ISRAEL GARCIA-MEJIA v. DAVID SHINN

Additionally, Petitioner's release date is currently November 27, 2022.  Dkts. 11 at 4; 13 at 1–2.  Accordingly, any unnecessary delay in resolving the instant dispute could result in Petitioner's approaching release rendering the controversy moot.  See Sams v. Thomas, No. CIV. 11-333-AC, 2011 WL 2457407 (D. Or. May 12, 2011), report and recommendation adopted, No. CV-11-333-AC, 2011 WL 2360137 (D. Or. June 15, 2011) (finding that requiring exhaustion of administrative remedies would be moot in light of the petitioner's approaching release date).  Furthermore, counsel for Petitioner contends that had Petitioner's credits not been forfeited as a result of the challenged disciplinary action, Petitioner would have already been released.  Id.  Thus, any unnecessary delay also risks erroneously prolonging Petitioner's confinement, should his claims prove to be meritorious.  Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) (citing Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017)) (noting the deprivation of physical liberty by detention constitutes irreparable harm).

Therefore, in the interests of justice and judicial efficiency, the Court declines to rule on whether Petitioner has exhausted his administrative remedies or whether his failure to exhaust should be excused until Petitioner's current administrative appeal has concluded.

### IV.
### CONCLUSION

The instant proceedings are therefore **STAYED** until Petitioner's December 3, 2021 administrative proceedings have concluded.  Petitioner is **ORDERED** to file a status report regarding Petitioner's appeal by **March 8, 2022.**  Should Petitioner receive the BOP's final response regarding his appeal before March 8, 2022, Petitioner should notify and update the Court immediately.  At that time, the Court will issue appropriate orders to the parties and consider the Motion to Dismiss in light of the result of Petitioner's appeal.

**IT IS SO ORDERED.**

**Initials of Preparer**  :  eb